**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**YOULANDA JONES AND**                                                                             **PLAINTIFF**
**MIRENZO JONES**

**VS.**                                                    **CIVIL ACTION NO. 3:23-cv-112-DWR-LGI**

**OMAR MILES AND SAFECO INSURANCE
COMPANY OF ILLINOIS, A/K/A SAFECO
INSURANCE, A SAFECO INSURANCE COMPANY OF ILLINOIS COMPANY**
                                                                                            **DEFENDANTS**

---

**ANSWER OF DEFENDANT SAFECO INSURANCE
COMPANY OF ILLINOIS AND
CROSS-CLAIM OF SAFECO INSURANCE COMPANY OF ILLINOIS
AGAINST DEFENDANT, OMAR MILES**

---

COMES NOW the Defendant, Safeco Insurance Company of Illinois, by and through counsel, and files this, its Answer to the Complaint exhibited against it, and would show unto the Court as follows:

**ANSWERS TO SPECIFIC ALLEGATIONS IN THE COMPLAINT**

1.

The allegations in paragraph 1 of the Complaint are admitted.

2.

The answering Defendant has insufficient information to admit or deny the allegations of Paragraph 2, therefore they are denied.

3.

The allegations of paragraph 3 of the Complaint are denied as stated, except to admit that Safeco Insurance Company of Illinois is licensed to do business in Mississippi and may be served

upon its registered agent for service of process and that the Plaintiff's had a policy of insurance in effect at the time of this accident.

4.

There is not a paragraph number 4.

5.

The allegations of paragraph 5 of the Complaint are denied except to admit that the subject accident occurred in Clinton, Hinds County, Mississippi.

6.

The answering Defendant has insufficient information to admit or deny the allegations of Paragraph 6 of the Complaint, therefore they are denied.

7.

The answering Defendant has insufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, therefore they are denied.

8.

The answering Defendant has insufficient information to admit or deny the allegations of Paragraph 8 of the Complaint, therefore they are denied.

9.

The answering Defendant has insufficient information to admit or deny the allegations of Paragraph 9 of the Complaint, therefore they are denied.

10.

The allegations of paragraph 10 of the Complaint are denied, except to admit that Safeco Insurance Company of Illinois issued policy number F3336656 to the Plaintiffs and that it was in

effect at the time of the accident and that it included uninsured motorist coverage, but all other allegations of Paragraph 10 are denied.

11.

The allegations of paragraph 11 of the Complaint are denied.

12.

The answering Defendant has insufficient information to admit or deny the allegations of Paragraph 12 of the Complaint, therefore they are denied.

The allegations of the final unnumbered paragraph beginning with the word, "WHEREFORE," and ending with the words, "expended herein", are denied and it is expressly denied that he answering Defendant owes any money to whatsoever to the Plaintiff based upon the facts known to it at this time.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the allegations of the Plaintiff's Complaint, the Answering Defendant would show unto the Court the following affirmative matters:

## FIRST DEFENSE

That discovery is continuing, and the Answering Defendant reserves the right to assert any additional affirmative defenses and to assert any cross-claim or counter-claim that may be justified as additional facts become known.

## SECOND DEFENSE

All terms, conditions, exclusions and contents of the insurance policies issued by Answering Defendant that may provide coverage to the Plaintiff are hereby pled as a defense to the claims demanded in this lawsuit.

## THIRD DEFENSE

This Defendant asserts all rights of credit, set off and/or contribution which it may have pursuant to the laws of the State of Mississippi.

## FOURTH DEFENSE

Pursuant to M.R.C.P. 12(b)(7), 17 and 19, if the damages or any part thereof claimed by Plaintiff in the Complaint have been paid or provided by any person, corporation or party, including any insurer, workers' compensation carrier, employer, health care provider, rehabilitative care provider or governmental or other entity, which holds any right of subrogation, assignment, loan receipt or lienholder interest therefor, as a result of such injury to the Plaintiff, then pursuant to said Rules 12(b)(7), 17 and 19, any and all persons, entities, parties whatsoever, are real parties in interest herein, and each must be joined as a party needed for just adjudication herein.  Plaintiff has no further claim, right standing, interest or right of recovery for damages claimed in this action to the extent payments have been made by other parties, and the real parties in interest should be identified in the Complaint or damages for those items deleted from any claims by the Plaintiff.

## FIFTH DEFENSE

Mississippi Code Annotated § 11-1-60, *et seq*. provides limitations for particular damages, and the affirmative defense of limitation of damages as provided by statute is hereby pled.

## SIXTH DEFENSE

That the Plaintiff has settled or will settle in the future with the tortfeasor and the Answering Defendant is entitled to a credit or setoff for all settlements made with tortfeasor, or any other person, party or entity making a payment to Plaintiff for injuries received in this accident.

## SEVENTH DEFENSE

That the insurance coverage available to the tortfeasor is sufficient and adequate to cover all claims for bodily injury suffered by the Plaintiff as a result of this accident. No damages whatsoever are owed by the Answering Defendant because the tortfeasor is not uninsured as defined by Mississippi Code and he is not underinsured as defined by the Mississippi Code.

## EIGHTH DEFENSE

That the Plaintiff may have suffered from medical problems prior to this accident and medical treatment received by the Plaintiff may not have been incurred as a proximate result of this accident and the bills incurred were not reasonable and they were not necessary as a result of this accident.

## NINTH DEFENSE

Answering Defendant is not liable to the Plaintiff for any injuries, conditions, or damages that the Plaintiff may have failed to mitigate.

## TENTH DEFENSE

The Plaintiff's causes of action, if any, are barred by the applicable statute of limitations.

## ELEVENTH DEFENSE

That discovery is continuing, and the Answering Defendant reserves the right to assert any additional affirmative defenses and to assert any counter-claim that may be justified as additional facts become known.

## TWELFTH DEFENSE

Plaintiff or others were solely and/or contributorily and/or comparatively negligent in the circumstances; and any damages to which Plaintiff or others may have must be reduced pro-rata for pursuant to Mississippi Comparative Negligence Statute.

**THIRTEENTH DEFENSE**

Without waiving any other defense set forth herein, and because the facts are not yet fully developed, these defendants additionally plead the following affirmative defenses which may be applicable: arbitration and award, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, *res judicata*, payment and release, statute of frauds, statute of limitations, and waiver.

**CROSS-CLAIM AGAINST OMAR MILES**

COMES NOW, Safeco Insurance Company of Illinois, and files this, its Cross-Claim against the Defendant Omar Miles and would respectfully show unto the Court as follows:

1.

The Defendant/Cross-Plaintiff would show that jurisdiction and venue are proper in this Court.

2.

That the Plaintiff herein has asserted a claim for underinsured motorist coverage against this Defendant whereby it is alleged that the Defendant Omar Miles is uninsured as that term is defined by the Mississippi Code and the policy of insurance issued by Cross-Plaintiff.

3.

That should it be determined that either Plaintiff is entitled to a judgment against the Co-Defendant Safeco Insurance Company of Illinois, then pursuant to the policy of insurance and to Mississippi law, then Cross-Plaintiff is entitled to a judgment against the Co-Defendant for any sums which the Plaintiff may be adjudicated to be entitled from the Defendant Safeco Insurance Company of Illinois.

4.

That should the Cross-Plaintiff be required to make any payments for benefits on behalf of the Plaintiff, Youlanda Jones and Mirenzo Jones then it will also be entitled to a judgment for those sums from the Cross-Defendant.

WHEREFORE, PREMISES CONSIDERED, the Defendant/Cross-Plaintiff Safeco Insurance Company of Illinois requests a judgment against the Defendant Omar Miles in any sum for which the Cross-Plaintiff may ultimately be found liable to the Plaintiff.

**THIS** the 15th day of February, 2023.

Respectfully submitted,

SAFECO INSURANCE COMPANY
OF ILLINOIS, Defendant

*/s/ Mark Norton*

Mark E. Norton (MSB #101882)

Mark E. Norton (MSB #101882)
BRYAN NELSON, P.A.
P.O. BOX 18109
HATIESBURG, MS 39404-8109
TELEPHONE: 601-261-4100
FACSIMILE: 601-261-4106

## **CERTIFICATE OF SERVICE**

I, Mark Norton, the undersigned attorney for Defendant, Safeco Insurance Company of Illinois, do hereby certify that I have this day electronically filed the above and foregoing pleading with the Clerk of the Court using the ECF system, which sent notification of such filing to all parties of record.

**THIS** the 15th day of February, 2023.

_____
Mark E. Norton (MSB #101882)